IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,710-01






EX PARTE ADRIAN DWAYNE ELEBY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR24878 IN THE 75TH DISTRICT COURT


FROM LIBERTY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to eighty years' imprisonment. The Ninth Court of Appeals affirmed his
conviction. Eleby v. State, No. 09-05-00041-CR (Tex. App.-Beaumont, delivered August 24, 2005,
pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he: (1) failed to strike members of the venire; (2) failed to advise Applicant of the
consequences of his plea; (3) failed to investigate Applicant's competency to stand trial; (4) failed
to object to the jury instructions; (5) questioned Applicant's character during closing arguments; and
(6) bolstered the State's case during closing arguments. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether his deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 21, 2007

Do not publish